Guy Gilbert Ribaudo, J.
Plaintiff, a licensed pilot sues to recover for property damage to his plane sustained on February *251 13, 1956, while landing his plane at Grossinger Airport. He asserted that he had landed there in December of 1955, and on the trip on February 13, 1956 had planned to have lunch at Grossinger’s with his wife who accompanied him. His plane had gas for a four-hour trip. From his taking off place, this trip could be accomplished in 45 minutes.
He checked the Airman’s Guide and found no change in the listing and that the same conditions prevailed as had on his previous trip. Under “Remarks” in the Airman’s Guide appeared the notation “ attended summer only.”
There was snow on the ground in December, 1955. The hangar was open and planes were inside. He saw the same condition on February 13, 1956. He circled the field at low altitude and came down in a normal landing, touched ground, and proceeded a few feet when the wheels of his plane dug into the snow, measuring 13 inches in depth. He testified that in a radio check with the Poughkeepsie Weather Bureau, he had been advised that as to the weather at Liberty, there was no change from the visual flight rules which indicated a clear, calm day.
A brochure issued by Grossinger’s was offered in evidence which indicates that Grossinger’s is open all year round and refers to the airfield five minutes from Grossinger’s reservation desk, fully equipped to receive private and chartered planes.
Plaintiff’s proof, offered without contradiction, was that there were no signs, notices, or markings of any kind to indicate that the airport was closed or unsafe at this time. Nor did the brochure indicate that any facility offered by Grossinger’s was curtailed at any season of the year.
Plaintiff also testified that as an airman, the words ‘ ‘ attended summer only ” meant that he could get no service at the field, could not get any gas or repairs except in the summer; that the quoted words did not mean the airfield was closed or unsafe.
The word “closed” is defined in the Airman’s Guide to mean “ closed ” to all traffic except in emergency.
That in other portions of the Airman’s Guide the words ‘ ‘ closed winters ’ ’ appeared for several other airports.
‘ ‘ The proprietor of an airport is obliged to see that it is safe for aircraft and to give proper warning of any danger of which he knows or ought to know, and he is liable to the owner of a plane for damage sustained by reason of a violation of this duty. Tn particular, the owner of an airport has a duty to keep the runway free from obstructions, so far as possible, or to place markers warning pilots of danger.” (6 Am. Jur., Aviation, § 28.)
*252 Defendant offered no proof as to the definition of “ attended summer only ” but asserts in its brief that the words mean it is attended in the Summer and not in the Winter; that if anyone called for information, they would have been advised of such situation.
At the trial, defendant offered no proof that it had taken any steps to notify Liberty that snow to the depth of 13 inches existed at its airstrip or that it was unsafe to land there.
The court concludes that the words ‘ ‘ attended summer only ’ ’ means what plaintiff says it means; that plaintiff was an invitee, and as such, defendant owed him a duty to make its premises safe for him to enter upon it; that no notice or warning of any kind was given as to the depth of the snow and the plaintiff could not, under the conditions, have seen that the snow was as deep as 13 inches; that plaintiff was not guilty of any contributory negligence but that solely as a result of defendant’s negligence did the accident occur.
Judgment for plaintiff in the sum of $2,450 with interest is directed. Ten days ’ stay.